United States District Court
Southern District of Texas
**ENTERED**
March 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ANGEL CHAPA, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00071 |
| § | |
| AMERICAN AIRLINES GROUP, INC., § | |
| § | |
| Defendant. § | |

## OPINION AND SCHEDULING ORDER

The Court now considers "Plaintiff's Opposed Motion to Remand,"[1] Defendant's response,[2] and Plaintiff's reply;[3] then "Defendant's Motion to Transfer Venue,"[4] and Plaintiff's response;[5] then the parties' "Joint Discovery/Case Management Plan Under FRCP 26(f)"[6] and "Plaintiff's Unopposed Motion to Appear Via Zoom."[7] After considering the motions, the plan, the record, and relevant authorities, the Court **DENIES** Plaintiff's motion to remand, **DENIES** Defendant's motion to transfer venue, issues a scheduling order, and **DENIES AS MOOT** Plaintiff's motion to appear via Zoom.

As a threshold matter, the Court briefly notes that Defendant's briefs lack numbered paragraphs entirely, hindering the Court's reference to Defendant's arguments. The Court cautions

---

[1] Dkt. No. 7.
[2] Dkt. No. 9.
[3] Dkt. No. 11.
[4] Dkt. No. 2.
[5] Dkt. No. 8.
[6] Dkt. No. 10.
[7] Dkt. No. 5.

1 / 9

Defendant that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[8]

## I. Background and Procedural History

This is an airline breach of contract action. Plaintiff Jose Chapa alleges that, on January 18, 2022, he purchased an airline ticket to Sint Maarten, Kingdom of the Netherlands, in the Caribbean.[9] The flight was to depart on February 5th.[10] On February 5th, Plaintiff alleges that he was notified "that the flight was canceled due to crew unavailability," which caused Plaintiff to incur expenses.[11] On February 16th, Plaintiff sued Defendant American Airlines Group, Inc. in state court bringing three causes of action for breach of the Texas Deceptive Trade Practices-Consumer Protection Act, negligence, and breach of contract.[12] On March 4th, Defendant removed the case to this Court.[13] On March 7th, Plaintiff attacked this Court's jurisdiction.[14] The Court turns to the first issue.

## II. Remand

### a. Legal Standard

Federal district courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[15] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[16] While the

---

[8] Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); Fed. R. Civ. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").
[9] Dkt. No. 1-2 at 2.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 2–3, ¶¶ 7–14.
[13] Dkt. No. 1.
[14] Dkt. No. 7.
[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[16] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

Court has jurisdiction to determine its jurisdiction,[17] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[18] It is a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[19] so the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[20] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[21]

However, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[22] "This 'complete preemption' occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts."[23]

### b. Analysis

Plaintiff argues that he has pled only state law claims which do not furnish a basis for federal jurisdiction,[24] and that the "Montreal Convention" does not govern this case and does not

---

[17] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[18] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[19] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).
[20] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (alterations in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'").
[21] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").
[22] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).
[23] *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997).
[24] Dkt. No. 7 at 2, ¶ 3.1; Dkt. No. 11 at 1–2, ¶¶ 2.1–3.6.

engender federal jurisdiction.[25] Defendant disagrees, arguing that the Montreal Convention completely preempts Plaintiff's state law claims and engenders federal jurisdiction in this Court.[26]

The "Montreal Convention" is the common name for the May 28, 1999 multilateral "Convention for International Carriage by Air" treaty.[27] The Montreal Convention may render jurisdiction over this case proper in this Court under 28 U.S.C. § 1331. "[T]he Montreal Convention by its terms applies to 'any action for damages, *however founded*, whether under this Convention or in contract or in tort or otherwise,' [so] plaintiffs cannot evade the Montreal Convention's limitations through 'artful pleading.'"[28] "One of the chief purposes of the Montreal Convention is to achieve uniformity of rules governing international carriage, and it applies to 'all international transportation of persons, baggage, or goods performed by aircraft for hire.'"[29] Courts in the Fifth Circuit have treated complete nonperformance, such as an airline's refusal to transport a passenger, as not preempted by the Montreal Convention, but delays, such as an airline changing a passenger's expected travel itinerary to a later accommodation, as preempted.[30] Plaintiff does not challenge these holdings.[31] Plaintiff further concedes that his planned trip was international travel and, while his complaint only references a cancellation, Plaintiff admits that "his delay in travel plans was accommodated by American Airlines."[32] Thus, it is clear that a delay occurred.

---

[25] *Id.* at 3, ¶¶ 3.3–3.4.
[26] Dkt. No. 9 at 1–3, § II.
[27] *See* Convention for International Carriage by Air, May 28, 1999, S. TREATY DOC. NO. 106-45 [hereinafter Montreal Convention].
[28] *Dutta v. Emirates Airlines, Inc.*, No. 3:21-CV-1242-B, 2022 WL 60347, at *5 (N.D. Tex. Jan. 6, 2022) (first quoting Montreal Convention, art. 29; and then quoting *El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 171 (1999)).
[29] *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*, No. 4:12-CV-688-A, 2013 WL 105380, at *3 (N.D. Tex. Jan. 9, 2013) (quoting *Mbaba v. Societe Air Fr.*, 457 F.3d 496, 497 (5th Cir. 2006)).
[30] *See Dutta*, 2022 U.S. Dist. LEXIS 2593, at *14–15 (collecting cases); *Hebert v. Am. Airlines, Inc.*, No. CV 16-345, 2016 WL 3517795, at *3 (E.D. La. June 27, 2016) (collecting cases).
[31] *See* Dkt. No. 11 at 2.
[32] *Id.* at 2, ¶ 2.4.

Plaintiff argues that, notwithstanding the delay, his "damages flowed after he disembarked in Dallas and Saint Maarten. Once carriage by air has ceased, the Montreal Convention is wholly inapplicable."[33] Plaintiff appears to argue that his damages arose from missing a connecting flight to Saint Barthélemy which caused Plaintiff to "forfei[t] the cost of his stay for that night."[34] But Defendant correctly points out that the Montreal Convention applies when there is any international carriage between two signatory countries "whether or not there be a break in the carriage or a transhipment."[35] The United States and the Kingdom of the Netherlands are signatories to the Montreal Convention.[36] Plaintiff does not cite any authority for the proposition that the Montreal Convention would not preempt state court jurisdiction in this case, despite the acknowledged effect of Defendant airline's alleged delay in causing Plaintiff's damages.[37] While one of Plaintiff's cited cases does hold that, "[o]nce carriage by air has ceased, the Montreal Convention no longer applies,"[38] Plaintiff expressly concedes that he incurred damage as a result of the *delay* in international air carriage, not that his travel had ceased.[39] The Court therefore agrees with Defendant that the Montreal Convention applies and that the Court has federal jurisdiction over this case under 28 U.S.C. § 1331. Plaintiff's motion to remand[40] is **DENIED**.

---

[33] Dkt. No. 7 at 3, ¶ 3.4.
[34] Dkt. No. 11 at 2, ¶ 3.2.
[35] Dkt. No. 9 at 3–4 (emphasis omitted) (quoting Montreal Convention, art. 1, ¶ 2).
[36] *See* Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited Mar. 18, 2022).
[37] *See* Dkt. No. 9 at 4; Dkt. No. 11 at 2, ¶¶ 3.2–3.4.
[38] *Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.*, No. 4:12-CV-688-A, 2013 WL 105380, at *3 (N.D. Tex. Jan. 9, 2013).
[39] Dkt. No. 11 at 2, ¶¶ 2.4, 3.2.
[40] Dkt. No. 7.

### III. TRANSFER VENUE

The Court next turns to Defendant's motion to transfer venue to the United States District Court for the Northern District of Texas[41] and Plaintiff's response.[42]

### a. Legal Standard

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."[43] When adjudicating a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[44] "[T]he burden of sustaining venue lies with the plaintiff,"[45] but the Court may look to any evidence in the record to establish the proper venue.[46]

### b. Analysis

---

[41] Dkt. No. 2.
[42] Dkt. No. 8.
[43] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).
[44] *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam).
[45] *Fernandez v. Soberon*, No. 4:13-cv-325, 2013 WL 2483345, at *2 (S.D. Tex. June 10, 2013) (Rosenthal, J.) (citing *Silva v. Frankford Crossing Shopping Ctr., TX, LP*, No. 3:12-CV-2046-O-BH, 2013 WL 1264155, at *3 (N.D. Tex. Feb. 22, 2013)).
[46] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Defendant argues that the Court should transfer this case to the Northern District of Texas under 28 U.S.C. § 1404(a) because "[a]ll decisions concerning the operation of the business are made in Tarrant County, and the individuals that will be witnesses in this case, except for Plaintiff, are located in or the vicinity of Tarrant County."[47] Plaintiff responds that venue is proper in this Court under § 1391(b)(2) because "Plaintiff purchased his airline ticket in McAllen, Texas. Plaintiff was in McAllen, Texas, when he was informed that his trip had been canceled. Plaintiff visited agents at MFE [McAllen airport] to reschedule flight."[48]

The only question for the Court is whether Plaintiff properly laid venue in this Court because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Texas, McAllen Division.[49] Plaintiff argued in another brief that his "damages flowed after he disembarked in Dallas and Saint Maarten."[50] Nevertheless, Plaintiff alleges in his complaint that venue is proper in Hidalgo County, where this Court is situated, because "Hidalgo County is the county in which all or part of Plaintiff's cause of action accrued."[51] Under the standard of review favoring Plaintiff,[52] the Court holds that Plaintiff properly laid venue in this Court. Accordingly, Defendant's motion to transfer venue[53] is **DENIED**.

### IV. JOINT DISCOVERY/CASE MANAGEMENT PLAN

The Court now turns to the parties' "Joint Discovery/Case Management Plan Under FRCP 26(f)."[54] The Court commends the parties on their expediency. While Plaintiff alleges that

---

[47] Dkt. No. 2 at 1, § I.
[48] Dkt. No. 8 at 1, ¶¶ 1.1–1.2.
[49] 28 U.S.C. § 1391(b)(2); *see supra* note 43.
[50] Dkt. No. 7 at 3, ¶ 3.4.
[51] Dkt. No. 1-2 at 2, ¶ 5.
[52] *See supra* note 44.
[53] Dkt. No. 2.
[54] Dkt. No. 10.

his cause of action accrued on February 5th,[55] Plaintiff brought a claim on February 16th,[56] Defendant removed and answered on March 4th,[57] and the parties filed their joint discovery/case management plan on March 16th.[58]

In the plan, the parties agree that discovery may be completed by mid-September this year.[59] The Court finds this proposed deadline reasonable and accordingly enters this scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(1)(A) in lieu of holding an initial pretrial and scheduling conference. The initial pretrial conference previously scheduled for April 19, 2022,[60] is **CANCELLED**. Accordingly, Plaintiff's motion to appear via Zoom at the April 19th conference is **DENIED AS MOOT**.[61]

This case-specific scheduling order controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
| --- | --- |
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | June 17, 2022 |
| Deadline for Defendant to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | August 1, 2022 |
| Discovery deadline. | September 16, 2022 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | October 7, 2022 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or | December 6, 2022 |

---

[55] Dkt. No. 1-2 at 2.
[56] *Id.*
[57] Dkt. Nos. 1–2.
[58] Dkt. No. 10.
[59] *Id.* at 3, ¶¶ 11, 13.
[60] Dkt. No. 3 at 1, ¶ 1.
[61] Dkt. No. 5.

| | |
|---|---|
| proposed findings of fact & conclusions of law).[62] | |
| Final pretrial conference and trial scheduling. | January 10, 2023, at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[63] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 21st day of March 2022.

                                          _____
                                                Micaela Alvarez
                                          United States District Judge

---

[62] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[63] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).