United States District Court
Southern District of Texas
**ENTERED**
May 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ANGEL CHAPA, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00071 |
| § | |
| AMERICAN AIRLINES, INC., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Opposed Motion to Compel Mediation,"[1] Defendant's response,[2] and Plaintiff's reply.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

Plaintiff invokes Texas Business and Commerce Code section 17.5051 and argues that this Texas state law requires this Court to compel Defendant to mediation.[4] The motion is riddled with errors, including Plaintiff changing sexes in the middle of a sentence—"Plaintiff served his Original Petition, in which she requested relief"[5]—and stating that the motion "is filed before April 25, 2022," when it was filed on May 3rd.[6] But Plaintiff's most glaring error is one of legal substance. No federal court has held that § 17.5051 applies in federal court or governs a federal judge's discretion.[7] Plaintiff fails to address this jurisprudence, or the conflict between § 17.5051

---

[1] Dkt. No. 15.
[2] Dkt. No. 16.
[3] Dkt. No. 17.
[4] Dkt. No. 15 at 1–2, ¶¶ 2.1–2.3.
[5] *Id.* ¶ 2.2.
[6] *Id.*
[7] *See, e.g.*, *Sandoval v. Allstate Texas Lloyds*, No. SA-17-CV-166-FB, 2017 WL 5476393, at *1 (W.D. Tex. Mar. 29, 2017); *Salazar v. Allstate Texas Lloyd's*, No. 4:17-cv-191, 2017 WL 6885400, at *2 (S.D. Tex. Mar. 15, 2017) (Hittner, J.); *Gomez v. State Farm Lloyds*, No. DR-15-CV-0103-AM-VRG, 2016 WL 10567629, at *1 (W.D. Tex. Mar. 17, 2016) ("But a plain reading of sections 541.141 and 17.5051 suggests that these provisions are procedural

and Federal Rule of Civil Procedure 16, or this Court's recent refusal to compel a different defendant to mediation under a similar state law.[8] Defendant points out this deficiency.[9]

In reply, Plaintiff invokes Local Rule 16.4.C for the first time.[10] That rule provides in relevant part that this Court "may refer any civil case to ADR [Alternative Dispute Resolution] on motion of any party, on the agreement of the parties, or on its own motion."[11] This Court looks to the parties' positions and arguments to ascertain whether a mandatory mediation is warranted.[12] While Plaintiff believes mediation will be fruitful,[13] Plaintiff admits that Defendant disagrees.[14] Indeed, "Defendant does not believe an alternative dispute resolution technique is suitable given the failed attempts to resolve the dispute without litigation."[15] Defendant adds that it attempted to settle this suit in prelitigation discussions and has made its position clear.[16] Furthermore, Plaintiff signed the parties' joint discovery/case management plan, in which, only two months ago, both parties represented that they do not expect a prompt settlement and have made their last negotiating positions clear.[17] Plaintiff concedes that "the parties cannot even agree on an ADR method."[18] Plaintiff does not explain what has changed in the intervening two months other than the formation

---

and Plaintiff has made no effort in her motion to argue or convince the undersigned that they are substantive or otherwise apply in this Court.").
[8] *See Gasper v. Allstate Texas Lloyds*, No. 7:22-cv-00004, 2022 WL 298122, at *2 (S.D. Tex. Feb. 1, 2022) (Alvarez, J.).
[9] Dkt. No. 16 at 2, ¶ 3 (first citing *Salazar*, 2017 WL 6885400; and then citing *Andre v. Allstate Texas Lloyd's*, No. EP-16-CV-00341-DCG, 2016 WL 9414129 (W.D. Tex. Oct. 14, 2016)).
[10] Dkt. No. 17 at 1, ¶ 2.2.
[11] LR16.4.C.
[12] *See Deep Fix, LLC v. Marine Well Containment Co.*, No. 4:18-cv-948, 2019 U.S. Dist. LEXIS 231045, at *3–4 (S.D. Tex. May 21, 2020) (Atlas, J.).
[13] Dkt. No. 17 at 3, ¶ 2.6.
[14] *Id.* at 2, ¶ 2.3.
[15] Dkt. No. 10 at 3, ¶ 16.
[16] Dkt. No. 16 at 3, ¶ 4.
[17] Dkt. No. 10 at 3, ¶¶ 14–15.
[18] Dkt. No. 17 at 2, ¶ 3.1.

of his conclusory belief that mediation will be fruitful despite Defendant's repudiation.[19] The Court holds that Plaintiff's argument to compel mediation is unpersuasive.[20]

Plaintiff's motion is deficient and unconvincing. The Court **DENIES** the motion.[21] The parties are nevertheless encouraged to consider mediation or other alternative dispute resolution at the appropriate time.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of May 2022.

                                                                       _____
                                                                       Micaela Alvarez
                                                                       United States District Judge

---

[19] *See* Dkt. No. 17 at 1–2, ¶¶ 2.3–2.6.
[20] *See Wells Fargo Bank Minn., N.A. v. Kobernick*, No. 4:08-cv-1458, 2009 U.S. Dist. LEXIS 81703, at *3–4 (S.D. Tex. Aug. 26, 2009) (Ellison, J.) ("When the parties do not jointly agree to decide their case using alternative forms of dispute resolution, however, the Court does not compel them. The Court finds no authority, in the Federal Rules of Civil Procedure or in any federal statute, to require unwilling parties to mediate.").
[21] Dkt. No. 15.