UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ANGEL CHAPA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00071 |
| | § | |
| AMERICAN AIRLINES GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

The Court now considers Plaintiff's Motion for Continuance,[1] Plaintiff's Motion to Compel Written Discovery,[2] and Defendant's Response to both motions.[3] Plaintiff requests that the Court order Defendant to fully answer Plaintiff's Second Set of Interrogatories and to produce documents responsive to Plaintiff's Second Set of Requests for Production.[4] He also asks the Court to grant an extension of the discovery deadline for Defendant to fully answer these discovery requests.[5]

First, the Court notes that while Plaintiff's Motion for Continuance is stylized as "Unopposed," Defendant's lack of opposition was clearly conditioned on the Court's grant of the Motion to Compel. That motion had not yet been filed when Plaintiff misleadingly styled the Motion to Continue as "Unopposed." The Court admonishes Plaintiff to style motions with accuracy and candor.[6]

---

[1] Dkt. No. 22.
[2] Dkt. No. 23.
[3] Dkt. No. 24.
[4] Dkt. No. 23 at 4.
[5] Dkt. No. 22.
[6] TEX. R. DISC. P. 3.03.

1 / 7

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a flight delay case. Plaintiff Jose Chapa alleges that, on January 18, 2022, he purchased an airline ticket to Sint Maarten, Kingdom of the Netherlands, in the Caribbean.[7] The flight was to depart on February 5, 2022.[8] On February 5, 2022, Plaintiff alleges that he was notified "that the flight was canceled due to crew unavailability," which caused Plaintiff to incur expenses.[9] On February 16, 2022, Plaintiff sued Defendant American Airlines Group, Inc. in state court bringing three causes of action for breach of the Texas Deceptive Trade Practices-Consumer Protection Act, negligence, and breach of contract.[10] On March 4, 2022, Defendant removed the case to this Court.[11] This Court issued a scheduling order on March 21, 2022, setting a discovery deadline of September 16, 2022.[12] The instant motion seeks to compel written discovery and extend that deadline.

## II. Motion to Compel Written Discovery

### A. Legal Standard

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[13] Generally, responses and objections are due within 30 days of service.[14] "A party may move to compel production of materials that are within the scope of discovery and have been requested but not received."[15] A motion to compel must certify in detail that the party seeking information has in good faith

---

[7] Dkt. No. 1-2 at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 2–3, ¶¶ 7–14.
[11] Dkt. No. 1.
[12] Dkt. No. 12.
[13] FED. R. CIV. P. 26(b)(1).
[14] FED. R. CIV. P. 33(b)(2) and 34(b)(2).
[15] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) (citing FED. R. CIV. P. 37(a)).

attempted to obtain it and is now resorting to court because the parties cannot agree.[16] Furthermore, a motion to compel may be denied if the party requesting discovery did not abide by the deadlines set by the court or delayed the discovery process in bad faith.[17]

A motion to compel may also be denied if the discovery requests to be enforced are not proportional. Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[18] The Court "can—and must—limit proposed discovery that it determines is not proportional to the needs of the case" considering these factors.[19] The party resisting discovery "bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation . . . by coming forward with specific information to address [the factors]."[20]

If the Court grants a motion to compel, "the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees,"[21] but not if the nondisclosure was substantially justified.[22] Substantial justification is that which would satisfy a reasonable person that disclosure was or was

---

[16] FED. R. CIV. P. 37(a)(1); *see Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex. 2012) (Hacker, J.) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170–71 (D. Nev. 1996)) (discussing the requirements for a valid certification); 8B RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2285 n.6 (3d ed. 1998 & Supp. Apr. 2022).
[17] FED. R. CIV. P. 26(g)(1)(B)(ii).
[18] FED. R. CIV. P. 26(b)(1).
[19] *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)).
[20] *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 284 (N.D. Tex. 2017).
[21] FED. R. CIV. P. 37(a)(5)(A); *see Washington v. M. Hanna Constr. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008) (per curiam)
[22] FED. R. CIV. P. 37(a)(5)(A)(ii).

not required under the applicable law.[23] This Court has broad discretion in assessing substantial justification and in imposing sanctions,[24] but the sanction must be calibrated to the conduct.[25] "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"[26] The loser pays upon a motion to compel, because "[f]ee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims."[27]

### B. Analysis

Here, Plaintiff has conferred with Defendant's counsel to attempt resolution and attached a Certificate of Conference to both motions indicating that Defendant intended to defend its discovery objections over a motion to compel.[28] Plaintiff has not opportunistically delayed the process of discovery. He served his Second Set of Discovery Requests on July 17, 2022[29] with a discovery deadline of September 16, 2022.[30]

Several of Plaintiff's discovery requests to which Defendant objects are proportional and discoverable. Plaintiff's Interrogatories #1 and #2 simply request a list of flights that departed McAllen International Airport (MFE) on the day of his cancelled flight and the destination of those

---

[23] *Olivarez v. GEO Grp.*, 844 F.3d 200, 205 (5th Cir. 2016) (collecting cases); *see Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) (discussing substantial justification).
[24] *Shumpert v. City of Tupelo*, 905 F.3d 310, 326 (5th Cir. 2018) (quoting *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013)).
[25] *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186–87 & n.5 (2017); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012).
[26] *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alteration in original) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).
[27] *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).
[28] Dkt. No. 22 at 3. Dkt. No. 23, at 4.
[29] Dkt. No. 23 at 1.
[30] Dkt. No. 12 at 8.

flights.[31] The same information is sought by Request for Production #1.[32] This information is relevant to Plaintiff's claim and important to resolving the case's issues because the information might elucidate whether and to what extent weather impacted flights out of MFE. It is not unduly burdensome because the number is finite and relatively small: the Court takes judicial notice that MFE's average number of outbound commercial flights is 18 per day.[33] Defendant can easily and cheaply produce the requested information and, to the extent that information is in written form, produce the requested document. The objection to Interrogatories #1 and #2 and Request for Production #1 are overruled. Therefore, the Court **GRANTS** Plaintiff's Motion to Compel with respect to Interrogatories #1 and #2 and Request for Production #1.

Plaintiff's Request for Production #2 asks that Defendant produce documents which "identify what measures Defendant took to accommodate Plaintiff."[34] Defendant objects that the request is unduly burdensome but provides no specifics as to what steps Defendant would need to take to identify and produce responsive documents.[35] Without such information, the Court cannot determine whether the request is unduly burdensome. Thus, Defendant fails to meet its burden to produce support for its objection.[36] Finding the requested information both relevant and calculated to lead to the discovery of admissible evidence,[37] the objection is overruled, and the Court **GRANTS** Plaintiff's Motion to Compel with respect to this request.

Plaintiff's Request for Production #3 seeks all non-privileged documents describing how "Defendant, through its agents or employees, was reasonable by not rerouting Plaintiff from

---

[31] Dkt. No. 23-2 at 4.
[32] Dkt. No. 23-3 at 4.
[33] https://www.mcallenairport.com/commercial.html.
[34] Dkt. No. 23-3 at 4; Dkt. No. 23-2 at 4.
[35] Dkt. No. 23-3 at 4.
[36] *See* FED. R. CIV. P. 33(b)(4); 34(b)(2)(C).
[37] *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

McAllen to Dallas-Fort Worth on February 5, 2022."[38] Defendant again objects to this request as unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence, but—again—does nothing to show that the request is unduly burdensome. While Plaintiff's request may be vague and overly broad, Defendant did not object on this basis. Thus, to the extent any documents can actually show the reasonableness of Defendant's actions, the objections are overruled, and this Court **GRANTS** Plaintiff's Motion to Compel Request for Production #3. Defendant is **ORDERED** to respond in accordance with this order no later than **September 27, 2022.**

Regarding attorney's fees, Plaintiff "defers to this Court for its calculation of reasonable attorney's fees."[39] Like Defendant, Plaintiff fails to provide any detail to enable the Court to make an informed decision. Thus, the request for attorney's fees is **DENIED**.

### III.     Motion for Discovery Deadline Continuance

Now that the Court has granted, in part, Plaintiff's motion to compel, Defendant is unopposed to continuance.[40] Plaintiff asserts that there is cause to extend the discovery deadline 60 days to allow Defendant to comply with this order and because "undersigned counsel for Plaintiff, who operates as a solo attorney, has trial scheduled on December 12, 2022."[41]

The Court finds good cause for a continuance but, given the limited scope of this order and the nature of the requested information, the Court **GRANTS** a continuance for **30 days**. The following case-specific scheduling order controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

---

[38] Dkt. No. 23-3 at 4; Dkt. No. 23-2 at 4.

[39] Dkt. No. 23 at 2, ¶ 6.
[40] Dkt. No. 22, Exhibit A.
[41] *Id.* at 2, ¶ 6.

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Defendant's responses to Interrogatories and Requests for Production, in keeping with this Order. | September 27, 2022 |
| Discovery deadline. | October 17, 2022 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | November 7, 2022 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[42] | January 9, 2023 |
| Final pretrial conference and trial scheduling. | February 13, 2023, at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[43] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

### IV. HOLDING

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel and **GRANTS** a **30 day** continuance.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of September 2022.

_____
Micaela Alvarez
United States District Judge

---

[42] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[43] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).