United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ANGEL CHAPA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00071 |
| | § | |
| AMERICAN AIRLINES GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Opposed Motion for Leave to File Second Amended Complaint,"[1] Defendant's response,[2] and the parties' joint motion for continuance.[3] After considering the motions, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion to for leave, **STRIKES** Defendant's response, and **DENIES** a continuance.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a flight delay case. Plaintiff Jose Chapa alleges that, on January 18, 2022, he purchased an airline ticket to Sint Maarten, Kingdom of the Netherlands, in the Caribbean.[4] The flight was to depart on February 5, 2022.[5] Plaintiff alleges that on that day, he was notified "that the flight was canceled due to crew unavailability," which caused him to incur expenses.[6] On February 16, 2022, Plaintiff sued Defendant American Airlines Group, Inc. in state court bringing

---

[1] Dkt. No. 21.
[2] Dkt. No. 27.
[3] Dkt. No. 26.
[4] Dkt. No. 1-2 at 2.
[5] *Id.*
[6] *Id.*

three causes of action for breach of the Texas Deceptive Trade Practices-Consumer Protection Act, negligence, and breach of contract.[7] On March 4, 2022, Defendant removed the case to this Court.[8]

This Court issued an opinion and scheduling order on March 21, 2022, which held that "the Montreal Convention applies and that the Court has federal jurisdiction over this case."[9] Three days later, Plaintiff filed his first amended complaint as a matter of course but did not add a claim under the Montreal Convention.[10] On August 8, 2022, Plaintiff filed a motion for leave to amend his complaint to add an alternative cause of action under the Montreal Convention.[11] Defendant inexplicably waited 42 days to respond.[12]

The Court's March 21 order also set a discovery deadline of September 16, 2022.[13] Plaintiff later sought a continuance of that deadline which was unopposed provided that the Court grant his motion to compel.[14] The Court did compel discovery, and thus continued the discovery deadline for 30 days.[15] The parties now seek yet another continuance.[16]

## II. DISCUSSION

### A. Legal Standards

#### 1. Motion for leave to amend

After the deadline to amend a pleading as a matter of course,[17] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

---

[7] *Id.* at 2–3, ¶¶ 7–14.
[8] Dkt. No. 1.
[9] Dkt. No. 12.
[10] Dkt. No. 13.
[11] Dkt. No. 21.
[12] *See* Dkt. No. 27.
[13] Dkt. No. 12.
[14] *See* Dkt. No. 22.
[15] Dkt. No. 25.
[16] Dkt. No. 26.
[17] *See* FED. R. CIV. P. 15(a)(1).

freely grant leave when justice so requires."[18] "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend."[19]

In determining whether to allow leave to amend a pleading, courts examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[20] Absent such factors, the Court should freely grant the requested leave.[21]

To determine whether a proposed amended complaint is futile, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard.[22] The Court "need not indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[23] Under Rule 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] The Court accepts all well-pleaded facts as true (even if doubtful or suspect[25]) and views those facts in the light most favorable to the plaintiff, but will not strain to find inferences favorable to the plaintiff.[26] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[27] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[28] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[29] Courts then undertake

---

[18] FED. R. CIV. P. 15(a)(2).

[19] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).

[20] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).

[21] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[22] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

[23] *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968) (per curiam)).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[25] *Twombly*, 550 U.S. at 555–56.

[26] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[27] *Twombly*, 550 U.S. at 555.

[28] *See id.* at 678–79.

[29] *Id.*

the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[30]

### 2. *Motion for continuance*

Whether to grant a "continuance is traditionally within the discretion of the trial judge."[31] The Court's scheduling order "may be modified only for good cause and with the judge's consent."[32] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[33]

### B. Analysis

### 1. *Motion for leave to amend*

As a preliminary matter, the Southern District of Texas Local Rules state that responses to motions must be filed by the submission day,[34] which is 21 days from filing of the motion.[35] Here, Plaintiff's motion for leave to amend was filed August 8, 2022,[36] and Defendant filed its response on September 19, 2022[37] (42 days later). Defendant neither sought an extension of time nor leave for the late filing. Accordingly, the Court hereby **STRIKES** Defendant's response to Plaintiff's motion for leave to amend.

In Plaintiff's motion for leave to amend, he requests leave to add a cause of action under the Montreal Convention.[38] He argues that the aforementioned five factors favor granting the motion. The Court considers these arguments, but undertakes its own analysis.

---

[30] *See id.* at 679–80.
[31] *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)
[32] FED. R. CIV. P. 16(b)(4).
[33] *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[34] L.R. 7.4.
[35] L.R. 7.3.
[36] Dkt. No. 21.
[37] Dkt. No. 27.
[38] Dkt. No. 21.

a.  <u>Undue delay</u>

A motion for leave to amend is more likely to succeed when it is "tendered no later than the time of pretrial."[39] After that point, delay is viewed with heightened suspicion of prejudicial effect. "[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court."[40]

Here, Plaintiff filed his motion for leave to amend before the discovery deadline. He did so to add a cause of action that might be—in his own words—his "singular avenue for recovery."[41] As discussed below,[42] the absence of this avenue from Plaintiff's original complaint does not prejudice Defendant. The Montreal Convention's applicability was an issue Defendant raised, litigated, and won.[43] Plaintiff's corresponding loss on that issue created a pleading deficiency, and this amendment is a warranted mechanism to cure it. Thus, there is no undue delay.

b.  <u>Bad faith or dilatory motive</u>

For the same reasons listed above, there is no indication that the amendment is an attempt to stall the litigation or bring a surprise claim against Defendant. Plaintiff informs the Court that his second "Amended Complaint adds nothing new, but simply harmonizes the application of federal law with what has happened in the lawsuit."[44] The Court judges the motion to be in good faith.

c.  <u>Repeated failure to cure deficiencies by previous amendments</u>

Plaintiff has amended his complaint once already as a matter of course.[45] Oddly, that amended complaint did not lodge the Montreal Convention claim even though it was filed three

---

[39] *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[40] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).
[41] Dkt. No. 21 at 2, ¶ 11.
[42] *Infra* part II.B.1.d.
[43] *See* Dkt. Nos. 7, 8, 9, 11, 12.
[44] Dkt. No. 21, at 2, ¶ 8.
[45] FED. R. CIV. P. 15(a)(1).

days after the Court's order on jurisdiction created the relevant deficiency.[46] The first amended complaint likely should have cured the deficiency that Plaintiff has now identified. Still, given that this is Plaintiff's first motion to amend by the Court's leave,[47] the Court is not convinced that his actions rise to the level of "repeated failure."

### d.   Undue prejudice to Defendant

Granting leave to add the Montreal Convention claim would not prejudice Defendant. Defendant was on notice that such a claim might be brough since it removed on the basis of the Montreal Convention.[48] The amendment for which Plaintiff seeks leave is "merely [an] alternative legal theor[y] based on the same underlying facts set forth in the" first amended complaint.[49] The relief requested in the instant motion would not "work a massive change in the nature and direction of the case;"[50] it would simply formalize a claim to which Defendant is already prepared to respond.

### e.   Futility

The allegations in Plaintiff's proposed second amended complaint[51] state a claim under the Montreal Convention. The Convention provides for transportation delay liability in the following way:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.[52]

---

[46] Dkt. Nos. 12, 13.
[47] *Id.* at 15(a)(2).
[48] Dkt. No. 1.
[49] *See Morgan v. Freshour*, Civil Action No. 6:17-cv-00004, 2021 U.S. Dist. LEXIS 186586, at *19 (S.D. Tex. 2021).
[50] *See Mayeaux*, 376 F.3d at 427.
[51] Dkt. No. 21-1.
[52] Convention for the Unification of Certain Rules for International Carriage by Air (Montreal Convention) art. 19, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350.

Plaintiff claims that he "incurred several unexpected expenses" as a result of Defendant's delay for which it did not take the allegedly reasonable step of rebooking him for the same day.[53] The allegations are pled with sufficient factual specificity to survive Rule 12(b)(6), so amendment would not be futile.[54]

  For the foregoing reasons, Plaintiff's motion for leave to amend is **GRANTED**.

   *2. Motion for continuance*

  The parties have filed a joint motion for a two-month continuance of the discovery deadline and all other deadlines and trial settings.[55] For cause, they state that the corporate representative that Plaintiff planned to depose is no longer employed by Defendant, and Defendant is "in the process" of either selecting a new corporate representative or allowing the new Integrated Operations Center to "settle in her new role."[56]

  The parties do not explain why it would take two months to identify and depose a new corporate representative. Furthermore, the parties were very close to deposing the previous corporate representative but delayed until resolution of Plaintiff's motion to compel written discovery.[57] Defendant has been ordered to comply with the discovery requests by September 27, 2022,[58] so there will be sufficient time for a deposition before the parties' discovery deadline set out in the scheduling order. These circumstances do not create sufficient good cause to overcome the Court's interest in controlling "its own docket to ensure that cases proceed before it in a timely and orderly fashion."[59]

---

[53] Dkt. No. 21-1 at 2, 4, ¶¶ 5, 16.
[54] *See Stripling*, 234 F.3d at 873.
[55] Dkt. No. 26 at 2, ¶ 2.
[56] *Id.* at 1, ¶¶ 1-2.
[57] Dkt. No. 24 at 1-2, ¶ 4.
[58] Dkt. No. 25.
[59] *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978)).

Accordingly, the parties' motion for continuance is **DENIED**. Note that the parties may, by agreement, continue to conduct discovery after the deadline without an order from the Court. The Court will not, however, extend the deadline for filing of pretrial motions[60] simply because of new information discovered after the discovery deadline.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to for leave, **STRIKES** Defendant's response, and **DENIES** the parties' motion for a continuance. The Court's previous scheduling order[61] remains in effect.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of September 2022.

_____
Micaela Alvarez
United States District Judge

---

[60] Set for November 7, 2022, Dkt. No. 25.
[61] Dkt. No. 25.